UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17CV55 NCC |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Grace-Bey, an inmate at Northeast Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Grace v. Stubblefield*, 4:07-CV-1630 ERW (E.D. Mo.); *Grace v. Owens*, 4:08-CV-89 CDP (E.D. Mo.); *Grace v. Chastain*, 4:08-CV-598 FRB (E.D. Mo.); *Grace v. Allen*, 4:08-CV-619 CAS (E.D. Mo.); and *Grace v. Jones*, 4:08-CV-620 FRB (E.D. Mo.). Therefore, he may proceed *in forma pauperis* in this action only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, plaintiff alleges he is under imminent danger of serious physical injury because, in the past, the various defendants have caused him to miss full doses of his HIV medication. For example, plaintiff alleges that, on July 2, 2017, he was told he could not have his medications at 1:30 p.m.; on November 23, 2016 and March 30, 2017 his medications were interfered with; and on July 28, 2017, he missed a pill during a lockdown. Plaintiff also alleges that he has been denied vitamins and "Bag Balm" salve, and that he lost weight because he did not receive double-portion trays.

An inmate subject to § 1915(g) is only eligible to proceed *in forma pauperis* if he is in imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past harm are "insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* In this case, plaintiff's allegations that he missed past doses of his medication and has been denied vitamins, "Bag Balm" salve and double-portion trays do not show an ongoing or future risk of serious injury. As a result, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis,* and will dismiss this action, without prejudice to the filing of a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully paid complaint.

An Order of Dismissal will be filed separately.

Dated this 14th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE